504 P.2d 374 (1972)
Jack KAFFEL, Plaintiff-Appellant,
v.
CLOVERLEAF KENNEL CLUB, a Colorado corporation, Defendant-Appellee.
No. 71-450.
Colorado Court of Appeals, Div. II.
December 12, 1972.
*375 Gorsuch, Kirgis, Campbell, Walker & Grover, Bennett S. Aisenberg, Denver, for plaintiff-appellant.
Burnett, Watson, Horan & Hilgers, Peter Watson, Denver, for defendant-appellee.
Not Selected for Official Publication.
PIERCE, Judge.
Plaintiff brought this action seeking damages for an injury he allegedly sustained while a paying customer at defendant's racetrack. Plaintiff, when injured, was standing in a passageway at the rear of the concession stand, which was leased by defendant to a concessionaire. This passageway was used as the delivery route to the concession stand. While plaintiff was standing there, a delivery cart, loaded with beer kegs, was wheeled into the passageway. The delivery man shouted a warning prior to entering the passageway, and all the customers in the passageway, including plaintiff, stepped back. However, one of the kegs of beer on the cart fell off and struck defendant's foot, causing injury.
At the trial plaintiff introduced testimony that it was not unusual for customers to congregate in this passageway, that beer had been delivered in this manner in this passageway on other occasions, and that on at least one other occasion a keg had fallen off a cart, but did not strike anyone. There was no testimony to indicate that the man pushing the cart was in any way connected with or controlled by the defendant, and therefore no liability can arise by virtue of respondeat superior. The trial court concluded that the facts were insufficient to establish negligence on the part of the racetrack, and directed a verdict for defendant at the close of plaintiff's case. Plaintiff appeals. We affirm.
The only question to be determined by the trial court was whether a jury could reasonably conclude from the facts presented that a dangerous condition existed and that some positive act by the owner was necessary to protect the customers. Plaintiff argues that since defendant was in the amusement business, and since plaintiff entered his premises as an invitee, defendant's duty to him was to discover and warn him of all defects on the premises, including the possible acts of third parties such as the delivery man. However, the fact that plaintiff was a business invitee at a racetrack is only one factor to be considered in determining the extent of the duty which defendant owed to the plaintiff. The status of an entrant does not, in and of itself, determine what duty is owed to him. Rather, the duty owed by the landowner is to act in a reasonably prudent manner in view of the probability of injuries which can be foreseen by a reasonably prudent man. Mile High Fence Co. v. Radovich, Colo., 489 P. 2d 308. Regardless of the nature of the premises, the defendant is not an insurer of plaintiff's safety. Our Supreme Court, in Carr v. Mile High Kennel Club, 125 Colo. 251, 242 P.2d 238, quoting from Stone v. Boston & A. R. Co., 171 Mass. 536, 51 N.E. 1, stated:
"`One is bound to anticipate and provide against what usually happens, and what is likely to happen; but it would impose too heavy a responsibility to hold him *376 bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable.'"
The trial court was correct in its ultimate conclusion that the facts presented in this case would not alert defendant that precautions were necessary to protect plaintiff from the type of accident that occurred. There is nothing in the evidence which would lead a reasonable man to foresee that a dangerous condition might exist. See Adkins v. Denver Dry Goods, 167 Colo. 545, 448 P.2d 957.
Where, as here, it is apparent that the injury to plaintiff was not proximately caused by any act of negligence or failure of duty by this defendant, the trial court properly withdrew the case from the jury and determined the question as one of law. Carr v. Mile High Kennel Club, supra.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.